# In the Iowa Supreme Court

No. 24–0727

Submitted October 7, 2025—Filed November 7, 2025

In re **Davenport Hotel Building Collapse.**

**City of Davenport, Trishna Pradhan,** and **Richard Oswald,**

Appellants,

vs.

**American Family,** as subrogee of **Cleo Craig, Estate of Ryan Hitchcock,** and **Cheryl Krebs; Homesite Insurance Company of the Midwest,** as subrogee of **Cleo Craig** and the **Estate of Ryan Hitchcock; Lexus Berry; Quanishia White Cotton Berry; Phillip Brooks; Mildred Harrington; Dionte McMath; Jennifer Smith; Michelle Vivians; Brandy Wheelhouse; Branden Colvin; Brittney Colvin; Estate of Branden Colvin Sr.; Devina Henderson; Lottie Jones; Ashley A. Neeley; Noah Petersen; Nancy Frezza; Scott Morehart; Rijeh Garnett; Mildred Harrington; Rodriguez Hope LLC; The Spot Bar & Lounge; Broc Nelson;** and **Dayna Feuerbach,**

Appellees.

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, judge.

A city and two of its employees appeal the denial of a motion to dismiss under the Iowa Municipal Tort Claims Act's qualified immunity provisions. **Appeal Dismissed.**

McDermott, J., delivered the opinion of the court, in which all participating justices joined. Waterman and Mansfield, JJ., took no part in the consideration or decision of the case.

Jason J. O'Rourke (argued), Alexander C. Barnett, and Jenny L. Juehring of Lane & Waterman, LLP, Davenport, for appellants.

Ryan G. Koopmans (argued) of Koopmans Law Group, LLC, Des Moines, and Ronald A. May and R. Douglas Wells of Gomez May, LLP, Davenport, for appellees.

**McDermott, Justice.**

This interlocutory appeal arises from the tragic partial collapse of the Davenport Hotel apartment building in May 2023, in which three people were killed and others suffered bodily or property injury. The district court consolidated multiple lawsuits relating to the collapse against a collection of defendants, including the building's owners, engineers, and the City of Davenport. The City of Davenport and two of its employees (together, "the City defendants") filed a pre-answer motion to dismiss, asserting that the claims against them were barred by the qualified immunity provisions in Iowa Code § 670.4A of the Iowa Municipal Tort Claims Act. The district court denied the motion, ultimately concluding that the plaintiffs' petition satisfied the Act's requirements. The City defendants filed this appeal challenging the denial of qualified immunity under an immediate appeal right granted in § 670.4A.

The Act generally makes a municipality liable for its torts and those of its officers and employees acting within the scope of their employment or duties. Iowa Code § 670.2(1) (2023). In 2021, amendments to the Act codified a new substantive qualified immunity protection that made municipalities immune from liability for certain claims against them. 2021 Iowa Acts ch. 183, § 14 (codified at Iowa Code § 670.4A(2) (2022)). The amendments also imposed heightened pleading requirements on plaintiffs asserting those claims. *Id.* (codified at Iowa Code § 670.4A(3) (2022)).

In its pre-answer motion to dismiss, the City defendants argued that the petition failed to satisfy the Act's heightened pleading requirements and, in particular, that the petition failed to plead a "plausible violation" of "clearly established" law under § 670.4A(3). The City defendants further argued that the claims alleged against them—common law negligence and nuisance—failed

because the City defendants owed no duty to the plaintiffs based on the public-duty doctrine. Under the public-duty doctrine, a governmental entity generally cannot be held liable for a plaintiff's injury that results from the governmental entity's breach of a duty owed to the public at large and not to the plaintiff individually. *See Fulps v. City of Urbandale*, 956 N.W.2d 469, 475 (Iowa 2021).

In resistance, the plaintiffs argued that § 670.4A didn't apply to the common law tort claims they alleged in the petition, and thus the heightened pleading requirements likewise didn't apply. And even if § 670.4A's heightened pleading requirements did apply, the plaintiffs contended, the petition met the requirements. The plaintiffs further argued that the public-duty doctrine did not apply to their claims against the City defendants.

The district court denied the City defendants' motion. Although the district court concluded that § 670.4A applied to common law tort claims, it held that the petition met the heightened pleading requirements. The district court further held that the public-duty doctrine did not bar the suit.

The City defendants filed a notice of appeal under § 670.4A(4), which provides that "[a]ny decision by the district court denying qualified immunity shall be immediately appealable." The City defendants also filed a separate application for interlocutory appeal asking that, to the extent the public-duty doctrine issue did not fall within the qualified immunity determination, we also consider and reverse the district court's public-duty doctrine decision. The plaintiffs resisted the application for interlocutory appeal.

The application for interlocutory appeal was ultimately denied in a single-justice order. Although the City defendants urge us to consider their public-duty doctrine argument in this appeal brought under § 670.4A(4), we view

the public-duty doctrine issue as distinct from the qualified immunity analysis. As a result, in light of the denial of the City defendants' application for interlocutory appeal, no public-duty doctrine question is before us. The only issue in this appeal centers on whether the district court properly denied the City defendants' claim to immunity under § 670.4A.

We begin with whether the qualified immunity requirements in § 670.4A apply to the common law tort claims in this case. The City defendants, agreeing with the district court's reasoning on this point, contend that the statute unambiguously applies to the plaintiffs' claims. They present their argument as part of a "plain language" reading of the Act as a whole and argue that because § 670.4A applies to a "claim brought under this chapter," and because the Act's definition of "tort" in § 670.1(4) explicitly includes "negligence," qualified immunity must apply to negligence claims.

The plaintiffs, conversely, argue that § 670.4A doesn't apply to their claims. They contend that the statute's specific text—granting immunity for the "deprivation" of a "right, privilege, or immunity secured by law"—is a term of art. Iowa Code § 670.4A(1)(*a*). This language, they argue, was borrowed directly from 42 U.S.C. § 1983 and, like its federal counterpart, was intended to apply only to claims for constitutional or statutory violations, not to common law tort claims.

While this appeal was pending, we resolved this exact question. In *1000 Friends of Iowa v. Polk County Board of Supervisors*, we reasoned that the qualified immunity protections of § 670.4A(1)(*a*) and the associated pleading standard that follows in subsection (3) were "inextricably intertwined" and thus must be read together. 19 N.W.3d 290, 296 (Iowa 2025) (quoting *Nahas v. Polk County*, 991 N.W.2d 770, 780 (Iowa 2023), *overruled on other grounds by Doe v. W. Dubuque Cmty. Sch. Dist.*, 20 N.W.3d 798 (Iowa 2025)). As a result, if

the substantive immunity does not apply, then neither does the heightened pleading standard. *Id.*

And shortly after, in *Doe v. Western Dubuque Community School District*, we held that "section 670.4A applies only where the plaintiff has asserted a state constitutional tort claim or statutory claim and not where the plaintiff has asserted only a state common law claim." 20 N.W.3d at 806. Our holding in *Doe* was based on the same "term of art" argument advanced by the plaintiffs here. We reasoned in *Doe* that the legislature, by importing the specific, unique language of 42 U.S.C. § 1983, codified a qualified immunity standard to address state constitutional torts that we first recognized in *Godfrey v. State*, 898 N.W.2d 844 (Iowa 2017), *overruled on other grounds by Burnett v. Smith*, 990 N.W.2d 289 (Iowa 2023). *Doe*, 20 N.W.3d at 804. The statute did not, we concluded, radically alter (and effectively abrogate) most common law negligence claims against government actors. *Id.* at 807. We also noted in *Doe* a fundamental incompatibility between the federal "clearly established" standard and the nature of a common law negligence action that would somehow incorporate such a standard. *Id.*

Our decision in *Doe* controls the outcome here. The plaintiffs' petition asserts claims for common law negligence and nuisance; it doesn't assert a state constitutional tort or the violation of a specific statutory right. The fact that the "duty" element of a negligence claim derives from a duty imposed by statute or municipal code, as the plaintiffs' claims against the City defendants generally do here, doesn't mean that the claim is based on a "right, privilege, or immunity secured by law" triggering immunities under § 670.4A. In general, a claim based on violation of a statutory right requires use of unambiguous "rights-creating terms" in a statute that show "an unmistakable focus" to grant a right to sue to

the plaintiff. *Medina v. Planned Parenthood S. Atl.*, 145 S. Ct. 2219, 2229 (2025) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002)). We take the petition's negligence claims here as negligence claims, not as claims pursuing a private cause of action to enforce a "right . . . secured by law." Iowa Code § 670.4A(1)(*a*).

The qualified immunity provisions in § 670.4A do not apply to the common law tort claims asserted against the City defendants in this case. And because § 670.4A does not apply, the City defendants' appeal under its provisions necessarily fails. We thus dismiss the appeal.

**Appeal Dismissed.**

All justices concur except Waterman and Mansfield, JJ., who take no part.